IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHIRLEY HIGHT,    )  | |
|     Plaintiff,    ) | |
| ) | |
| v.    ) | CIVIL ACTION NO. 20-00617-CG-N |
| ) | |
| STATE FARM OF ALABAMA,    ) | |
|     Defendant.    ) | |

## REPORT AND RECOMMENDATIONS

This action is before the Court *sua sponte* on review of the complaint (Doc. 1) filed by *pro se* Plaintiff Shirley Hight ("Hight"). The Court previously ordered Hight to file an amended complaint addressing various defects concerning jurisdictional allegations as well as the facts underlying her claim no later than February 1, 2021. (Doc. 8). To date, Hight has not filed an amended complaint, nor has she moved for an extension. Upon consideration, the undersigned **RECOMMENDS** that Hight's compliant (Doc. 1) be **DISMISSED without prejudice** for lack of subject-matter jurisdiction.

Hight failed to properly establish jurisdiction in her complaint as required by Eleventh Circuit precedent and Federal Rule of Civil Procedure 8(a)(1).

> When a plaintiff files suit in federal court, [the plaintiff] must allege facts that, if true, show federal subject matter jurisdiction over [the] case exists. *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994). . . . Without such allegations, district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency. *Stanley v. C.I.A.*, 639 F.2d 1146, 1159 (5th Cir. Unit B Mar. 1981); *see also DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1303 (11th Cir. 2008) ("Where dismissal can be based on lack of subject matter jurisdiction and failure to state a claim, the court should dismiss on only

> the jurisdictional grounds." (internal quotation marks omitted)). **That is, if a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case.** *See Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1331, n.6 (11th Cir. 2001) (" '[A district] court must dismiss a case without ever reaching the merits if it concludes that it has no jurisdiction.' " (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993))); *see also Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013) ("We may not consider the merits of [a] complaint unless and until we are assured of our subject matter jurisdiction.").

*Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (emphasis added) (footnote omitted); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").[1] "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997).[2]

---

[1] "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.*

[2] While Hight's *pro se* status gives her some leeway in drafting a complaint, establishing jurisdiction is essential:

Hight's complaint (Doc. 1) does not contain, as it must, "a short and plain statement of the grounds for the court's jurisdiction," Fed. R. Civ. P. 8(a)(1). Under 28 U.S.C. § 1332(a)(1), a district court has subject matter jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." However, a complaint's allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." *Travaglio*, 735 F.3d at 1268. "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

Hight does not allege the citizenships of any of the parties in her complaint, nor does she allege that the amount in controversy exceeds $75,000, exclusive of interests and costs. The allegations in the complaint also do not clearly support jurisdiction under either "a specific statutory grant" or "federal question jurisdiction pursuant to 28 U.S.C. § 1331" as Hight's complaint consists of only three brief

---

Pleadings filed by *pro se* litigants are given liberal construction, but "we nevertheless have required them to conform to procedural rules." *Moton v. Cowart,* 631 F.3d 1337, 1341 n.2 (11th Cir. 2011) (quotation omitted). Plaintiffs must "affirmatively allege facts demonstrating the existence of jurisdiction." *Taylor v. Appleton,* 30 F.3d 1365, 1367 (11th Cir. 1994); *see also Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1273 (11th Cir. 2000) ("It is the plaintiff's burden . . . to allege with sufficient particularity the facts creating jurisdiction . . . ." (quotation omitted)).

*Cornelius v. U.S. Bank Nat. Ass'n*, 452 F. App'x 863, 865 (11th Cir. 2011) (per curiam) (unpublished) (affirming dismissal of *pro se* complaint for failure to allege a sufficient basis for subject matter jurisdiction).

conclusory statements without stating any specific claims or causes of action. (Doc. 1, PageID.1–2). Hight's complaint includes only a handful of scant allegations of a "lack of a precise payment for injuries" levied at "State Farm" generally. (Doc. 1, PageID.1–2). Under the "Grounds for jurisdiction" section of the form complaint, Hight only notes "Alabama." (Doc. 1, PageID.1). Accordingly, the undersigned cannot confirm that the Court has jurisdiction under 28 U.S.C. §§ 1331–1332 or any other federal law and must recommend that Hight's complaint be dismissed without prejudice. *See Stanley v. C.I.A.*, 639 F.2d 1146, 1159 (5th Cir. 1981).[3]

Therefore, in accordance with the foregoing analysis, and pursuant to 28 U.S.C. § 636(b)(1)(B)–(C), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S), the undersigned **RECOMMENDS** that:

- Hight's compliant (Doc. 1) be **DISMISSED without prejudice** for lack of subject-matter jurisdiction;
- Hight's motion for leave to proceed *in forma pauperis* (Doc. 2) and "Motion for 2019 Corolla to be Assigned to [Hight]" (Doc. 3) be declared **MOOT**.

**DONE** this the 10th day of March 2021.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit issued prior to October 1, 1981.

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.